UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINEZ WILLIAMS,                           Case No. 16-12888

                Plaintiff,                   David M. Lawson
v.                                           United States District Judge

WAYNE COUNTY FRIEND OF THE COURT,   Stephanie Dawkins Davis
KATHLEEN M. MCCARTHY, SHELLY A.M.    United States Magistrate Judge
PAYNE, WAYNE COUNTY SHERIFF,
WAYNE COUNTY JAIL, DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

                Defendants.
_____/

## REPORT AND RECOMMENDATION
## DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

## I.    PROCEDURAL HISTORY

On August 8, 2016, plaintiff filed a *pro se* complaint against defendants

primarily seeking monetary damages.  (Dkt. 1).  Plaintiff also seeks an order to

"nullify, dismiss and/or close (alleged) IV-D case" and to order defendants to

cease any attempts to compel him to make IV-D payments to the Michigan

Department of Health and Human Services (DHHS).[1]  (Dkt. 1, Pg ID 8).

---

[1]  A "Title IV-D case" commonly refers to cases in which the child support enforcement
agency is enforcing the child support order pursuant to Title IV-D of the Social Security Act, 88
Stat. 2351 (1975), 42 U.S.C. § 651, as amended.  Thus, plaintiff is presumably referring to the
federal child support enforcement scheme described by District Judge Robert Holmes Bell in
*Michigan Dep't of State v. United States*, 166 F.Supp.2d 1228, 1231 (W.D. Mich. 2001), which
has been amended a number of times over the years and which is implemented by state agencies:

The Court granted plaintiff's application to proceed *in forma pauperis*.

(Dkt. 2, 5).  On August 16, 2016, District Judge David M. Lawson referred this

matter to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B) and all

pretrial proceedings.  (Dkt. 6).  The named defendants are the Wayne County

Friend of the Court, Kathleen M. McCarthy (a judge on the Michigan Third

Circuit Court), Shelly A.M. Payne (an attorney employed by the Friend of the

Court), the Wayne County Sheriff's Department, the Wayne County Jail, and the

Michigan Department of Health and Human Services (DHHS).  (Dkt. 1, Pg ID

10).[2]

This matter has been screened by the undersigned pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and for the reasons set forth below, the undersigned

**RECOMMENDS** that plaintiff's federal claims be **DISMISSED** with prejudice

for failure to state a claim on which relief may be granted, and that plaintiff's state

---

Beginning in 1975, Congress decided that an important way to help needy families was to improve child support collection and that it would create Child Support Enforcement ("CSE") programs to achieve this goal. Pub.L. No. 93–647 § 451, 88 Stat. 2337, 2351 (1975). *See generally Hodges v. Shalala*, 121 F.Supp.2d 854, 860–61 (D.S.C. 2000), *Kansas v. United States*, 24 F.Supp.2d 1192, 1193–94 (1998) (providing background information on the development of CSE programs) aff'd *Kansas v. United States*, 214 F.3d 1196 (10th Cir. 2000); *Childrens and Parents Rights Ass'n of Ohio, Inc., v. Sullivan*, 787 F.Supp. 724, 726 (N.D. Ohio 1991) (describing history of Congress' CSE efforts).

[2] Notably, the Wayne County Jail is not listed in the pre-printed form portion of plaintiff's complaint, but is identified later in the complaint.

law claims be **DISMISSED** without prejudice.

## II.    PLAINTIFF'S COMPLAINT

According to plaintiff's complaint, he appeared in Wayne County Circuit Court on April 6, 2016 and was falsely arrested and imprisoned by defendants. (Dkt. 1, Pg ID 11).  Plaintiff says that child support is a civil matter and there is no probable cause to issue a body attachment, bench warrant, or arrest warrant in child support matters.  *Id*. at Pg ID 12.  Plaintiff asserts that using such methods to obtain child support payments violates the Michigan Constitution and the Fourth Amendment to the United States Constitution.  Plaintiff claims that such warrants and arrests in child support matters are unlawful debt-collecting tools and that the arrest of non-custodial parents, who are mostly men, is "gender-profiling," "gender-based discrimination" and a "gender biased hate crime," which violate the Equal Protection Clause.  *Id*.  According to plaintiff, a man cannot be arrested in a civil matter under the Equal Protection Clause "as a woman is not."  *Id*.  Plaintiff avers that the Federal Child Support Enforcement Program violates his Equal Protection rights and that the child support payments are a huge financial windfall, in excess of child costs.  Plaintiff states that his child support payments leave him with less income than needed for basic living and create an extraordinary burden on him, in violation of his Equal Protection rights.  *Id*.

Plaintiff also alleges that DHHS employs many unconstitutional collection

3

practices such as wage withholding, liens on property, offset of unemployment compensation, seizure and sale of property, reporting arrearages to credit bureaus, garnishment of wages, and seizure of tax refunds, among others.  *Id*. at Pg ID 16. Plaintiff also asserts that the administrative child support process is unconstitutional because it violates the separation of powers required by the Michigan Constitution.  *Id*. at Pg ID 18.  Plaintiff contends that the child support payment scheme violates his right of privacy and his right to be free from government intrusion into his private life.  *Id*.  Based on the foregoing allegations, plaintiff seeks compensatory damages, punitive damages, and any other relief deemed just and equitable.  *Id*. at Pg ID 19.

## III.    ANALYSIS AND CONCLUSIONS

### A.    Legal Standards

Where a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)).  The Rule 12(b)(6) dismissal standard as explained in *Iqbal* and *Twombly* is applied to determine whether dismissal is warranted under § 1915(e)(2)(B)(ii).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *see also Pugh v. Norman*, 2017 WL 712751, at *3 (M.D. Tenn. Feb. 23, 2017) ).  The court's ability to *sua sponte* review and dismiss claims filed *in forma pauperis* applies to both prisoner and

nonprisoner litigants.  *See McGore v. Wrigglesworth,* 114 F. 3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Brock,* 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2)."); accord *U.S. ex. Rel. Donaldson v. Conservation Resource Alliance*, 2006 WL 695674 at *6 (E.D. Mich. March 14, 2006); *Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362 at *1 (M.D. Tenn. May 16, 2016).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)).

The Supreme Court has raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that

5

had prevailed for the last few decades.  *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625; 2009 WL 2497928, *2 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Twombly*, 550 U.S. at 555.  In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677.  The Sixth Circuit observed that this updated standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and as a consequence, should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  Nevertheless, *pro se* litigants remain subject to the Federal Rules of Civil Procedure.  Courts are not expected to devise a claim where the plaintiff has failed to articulate one in his pleadings. *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir. 2011).

B.    Sheriff's Department and Jail

It is well-established that plaintiff cannot maintain a § 1983 suit against a

Sheriff's Department or a county jail.  *See Jennings v. Hall*, 2016 WL 4089222, at

*4 (E.D. Mich. Aug. 2, 2016), reconsideration denied, 2016 WL 6124602 (E.D.

Mich. Oct. 20, 2016) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

1994)); *see also Edwards v. Jail*, 2016 WL 2937146, at *2 (E.D. Mich. May 20,

2016) ("It is well-settled under Michigan law that county jails, sheriff

departments, and other governmental agencies are not legal entities amenable to

suit under 42 U.S.C. § 1983."); *Hughson v. County of Antrim*, 707 F.Supp. 304,

306 (W.D. Mich. 1988) (concluding that county sheriff's department and county

prosecutor's office are not legal entities capable of being sued).  Indeed, the Sixth

Circuit has made it clear that "the Sheriff's Department is not a legal entity subject

to suit" under § 1983.  *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991).

Thus, plaintiff's claims against the Sheriff's Department and the Wayne County

Jail should be dismissed on this basis.

C.    Judge McCarthy

"It is well-established that judges enjoy judicial immunity from suits arising

out of the performance of their judicial functions."  *Brookings v. Clunk*, 389 F.3d

614, 617 (6th Cir. 2004).  "State judges enjoy absolute immunity from liability

under 42 U.S.C. § 1983."  *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

"Judicial immunity exists even where a judge acts corruptly or with malice." *Id*.

Plaintiff's complaint does not suggests that actions taken by defendant McCarthy

involve anything other than her performance of judicial functions.  Defendant

McCarthy, as a state court judge, is entitled to absolute immunity against all

claims in plaintiff's complaint and the Court should, therefore, dismiss those

claims.

      D.    <u>Michigan Department of Health and Human Services</u>

     The state or one of the state's departments enjoy immunity under the

Eleventh Amendment from suit in the federal courts, unless the state has waived

immunity or Congress has expressly abrogated Eleventh Amendment immunity by

statute.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984);

*O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993); *see also Kitchen v. Leach*,

2017 WL 1905871, at *8 (W.D. Mich. May 10, 2017).  As explained in *Kitchen*,

"Congress has not expressly abrogated Eleventh Amendment immunity by statute

with regard to § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of

Michigan has not consented to civil rights suits in federal court." *Kitchen*, at *8

(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)); *see also McCrary v.

Ohio Dep't of Human Servs.*, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000)

(finding § 1983 and § 1985 claims against state agency and its employees in their

official capacities for damages barred by Eleventh Amendment immunity).  Thus,

plaintiff cannot bring a § 1983 suit for money damages against DHHS.

However, as recently discussed in *Mitchell through Mitchell v. Cmty. Mental Health of Cent. Michigan*, 2017 WL 1077894, at *10 (E.D. Mich. Mar. 22, 2017), state sovereign immunity as recognized by the Eleventh Amendment does not extend to suits brought against state officials which seek to enjoin violations of federal law. *Id*. (citing *Ex parte Young*, 209 U.S. 123, 159-160 (1908)). Indeed, a plaintiff can "avoid[ ] this sovereign immunity bar by suing for injunctive or declaratory relief, rather than monetary relief." *Mitchell*, at *10 (quoting *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 n. 1 (6th Cir. 2004)). *Mitchell* explains that in order to determine whether a claim for such relief avoids sovereign immunity, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id*. (quoting *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003) (internal quotation marks and citation omitted)).

Here, plaintiff makes a brief allegation that he is seeking "prospective injunctive relief," yet the prayer for relief portion of plaintiff's complaint seeks only monetary damages. (Dkt. 1). A broader and more generous reading of the complaint could suggest that plaintiff is also seeking to have the Court declare the "Federal Child Support Enforcement Act" unconstitutional under the Equal

Protection Clause.  Yet, in the view of the undersigned, plaintiff's Equal

Protection claim fails as a matter of law.  As explained in *DeSoto v. Board of*

*Parks and Recreation*, 64 F.Supp.3d 1070, 1090 (M.D. Tenn. 2014), the essence

of an equal protection claim is disparate treatment of the plaintiff relative to

others:  thus, "[t]o state an equal protection claim, a plaintiff must adequately

plead that the government [treats certain people] disparately as compared to

similarly situated persons and that such disparate treatment either [sic] burdens a

fundamental right, targets a suspect class, or has no rational basis." *Id*. (quoting

*Raymond v. O'Connor*, 526 Fed. Appx. 526, 530 (6th Cir. 2013) (quoting *Ctr. for*

*Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).  "The

threshold element of an equal protection claim is disparate treatment; once

disparate treatment is shown, the equal protection analysis to be applied is

determined by the classification used by government decision-makers." *Raymond*,

526 Fed. Appx. at 530 (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470

F.3d 250, 260 (6th Cir. 2006)).

In *DeSoto*, while the court acknowledged that the plaintiff was not obligated

to plead a *prima face* case of discrimination in compliance with the *McDonnell*

*Douglas* burden-shifting framework in the complaint, the court also held that the

plaintiff could not "survive a motion to dismiss without pleading specific

allegations of disparate treatment, which are essential to an equal protection claim

10

that does involve direct allegations of discrimination." *Id.* at 1091 (citing *Raymond*, 526 Fed. Appx. at 530) ("The complaint's sole reference to disparate treatment is the undeveloped assertion of a different and harsher standard of scrutiny might be applied to non-residents discussed above. Without specific allegations of disparate treatment, the district court properly dismissed Raymond's equal protection claim.").

Here, plaintiff makes generalized claims that he was treated differently than women under federal child support enforcement laws, as implemented by DHHS. But such generalized allegations are insufficient to state a claim. Like the plaintiff in *DeSoto*, plaintiff has failed to allege that DHHS in fact treated any women differently from how he was treated, or that a woman engaged in the same conduct that he did, and was treated more favorably. *Id.* at 1091. For these reasons, plaintiff's complaint fails to state a claim for violation of the Equal Protection Clause.

E.     Friend of the Court and Shelly A.M. Payne

A county Friend of the Court is an arm of the County Circuit Court. *Merritt v. Lauderbach*, 2013 WL 1148421, at *4 (E.D. Mich. Feb. 28, 2013), report and recommendation adopted, 2013 WL 1148418 (E.D. Mich. Mar. 19, 2013) (citing Mich. Comp. Laws § 552.503(1) (creating office of Friend of the Court in each judicial circuit)). The circuit courts are arms of the state and thus, immune from

11

suit. *Merritt*, at *4 (citing *Nicklay v. Eaton County Circuit Ct.*, 2008 WL
2139613, at *5 (W.D. Mich. May 20, 2008); *Judicial Attorneys Ass'n v. State of
Mich.*, 459 Mich. 291 (1998) (judiciary is a separate and independent branch of the
state government)).  As a result, Eleventh Amendment immunity cloaks the state
courts as it does the state itself. *Harmon v. Hamilton County Ct. of Common
Pleas*, 83 Fed. Appx. 766, 768 (6th Cir. 2003); *see also Johnson v. Granholm*, 662
F.2d 449, 450 (6th Cir.1981) (extending absolute immunity to Michigan friends of
the court in performing their quasi-judicial duties); *Tidik v. Ritsema*, 938 F.Supp.
416, 422-23 (E.D. Mich. 1996) (extends absolute, quasi-judicial immunity to
clerks of the court, referee for friend of the court, and staff attorney for friend of
the court).  Given that both sovereign immunity and absolute quasi-judicial
immunity apply to these defendants, all claims against them should be dismissed.

    F.    Other Claims

    While plaintiff mentions a variety of federal statutes as granting this Court
"jurisdiction," his substantive claims appear to arise solely under 42 U.S.C.
§ 1983.  (Dkt. 1, Pg ID 10, ¶ 6).  Thus, to the extent that plaintiff intended to assert
any claims under these statutes, he fails to state a claim because his complaint
lacks the requisite legal and factual detail required by Rule 8(a) and the standards
set forth in *Iqbal* and *Twombly*.

    Plaintiff also mentions "pendant" claims in his complaint, but it is not clear

12

on what these claims are based. (Dkt. 1, Pg ID 10, ¶ 7). To the extent plaintiff asserts any state law claims, they should be dismissed because, given that there are no cognizable federal claims, and there is no basis for the court to exercise supplemental jurisdiction over any possible state law claims under 28 U.S.C. § 1367. Indeed, "[s]upplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."). The undersigned recommends, in the exercise of the Court's discretion, to decline supplemental jurisdiction and dismiss all state law claims without prejudice.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's federal claims **DISMISSED** with prejudice for failure to state a claim on which relief may be granted and that plaintiff's state law claims be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

14

Date: July 14, 2017                    s/Stephanie Dawkins Davis
                                      Stephanie Dawkins Davis
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 14, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I have mailed by United States Mail to the following non-ECF participant: Martinez Williams, 304 S. Jones Blvd., Unit 2535, Las Vegas, NV 89107.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

15